**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2025-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GIOVANY J. AUGUSTIN, a/k/a
AUGUSTIN GIOVANY, AUGUSTIN
J. GIOVANY, and AUGUSTINE
GIOVANY,

    Defendant-Appellant.

_____

> Submitted September 19, 2019 – Decided September 27, 2019
>
> Before Judges Alvarez and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 14-04-0318.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Stephen William Kirsch, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Giovany J. Augustin appeals from a September 8, 2017 judgment of conviction of third-degree possession of cocaine, contrary to N.J.S.A. 2C:35-10(a)(1). We affirm.

I.

Elizabeth Police obtained a warrant authorizing the search of defendant's person and home. On November 29, 2013, several officers executed the warrant. They encountered defendant in a car exiting the parking lot of the apartment building identified in the warrant. The officers stopped defendant, removed him from the car, and escorted him to the apartment. Upon entering the unit, the officers discovered defendant's grandmother. Defendant denied living in the apartment. At trial, defendant and his grandmother testified that the apartment was occupied by the grandmother and two male relatives of defendant and that he happened to be visiting his grandmother when officers arrived to execute the warrant.

A detective testified that the apartment's only bedroom was searched because "[i]t was my understanding that we believed that if we were going to find something in the apartment it would probably be [in] the bedroom because there was young men's clothing in there and it appeared to be that's where Mr.

Augustin was sleeping." He explained that men's clothing, sneakers, and boots were visible from the doorway of the bedroom.

The search revealed a loaded handgun with a partially defaced serial number, holster and strap, bullets, empty plastic bags, razor blades, empty bags with corners cut out, zip ties, and a wallet with $1000 cash. In addition, the officers found two unopened letters addressed to defendant, his high school identification, a debit card with his name on it, and a Visa gift card that appeared to have defendant's name handwritten on the back. In the bedroom closet, the officers found a scale and, in the pocket of a coat, a bag with sixty-three individual baggies of cocaine.

During the search, defendant was seated in the kitchen. Officers found a single baggie of cocaine on the floor where defendant was seated. No other room in the apartment was searched.

A grand jury indicted defendant, charging him with: third-degree possession of cocaine, contrary to N.J.S.A. 2C:35-10(a)(1); third-degree possession of cocaine with the intent to distribute, contrary to N.J.S.A. 2C:35-5(a)(1) and (b)(3); second-degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5(b); fourth-degree possession of a defaced firearm, contrary to N.J.S.A. 2C:39-3(d); second-degree possession of a firearm in the course of

possession with intent to distribute cocaine, contrary to N.J.S.A. 2C:39-4.1(a); and fourth-degree possession of a prohibited device, contrary to N.J.S.A. 2C:39-3(f).

After the five-day trial, a jury found defendant guilty of third-degree possession of cocaine. The jury could not reach a unanimous verdict on the remaining counts of the indictment. The court sentenced defendant to three years of probation. The State subsequently dismissed the remaining charges.

This appeal followed. Defendant raises the following argument for our consideration:

> THE LAY OPINION OFFERED BY A STATE WITNESS THAT IT APPEARED TO HIM THAT DEFENDANT SLEPT IN THE BEDROOM WHERE CONTRABAND WAS FOUND WAS IN VIOLATION OF N.J.R.E. 701, STATE V. MCLEAN, AND OTHER CASES. (NOT RAISED BELOW)

## II.

N.J.R.E. 701 provides that

> [i]f a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences may be admitted if it (a) is rationally based on the perception of the witness and (b) will assist in understanding the witness' testimony or in determining a fact in issue.

A lay witness, including a police officer in a criminal trial, may give a lay opinion "based on [his or her] personal observations . . . ." State v. LaBrutto,

114 N.J. 187, 198 (1989). Perception is based on the acquisition of knowledge through use of one's sense of touch, taste, sight, smell or hearing. State v. McLean, 205 N.J. 438, 457 (2011). A lay witness may not, however, give opinion testimony to "explain the implications of observed behaviors that would otherwise fall outside the understanding of ordinary people on the jury." Id. at 460.

Defendant argues the detective offered his lay opinion that defendant resided in the bedroom and was in possession of its contents. This was the ultimate issue before the jury. In addition, he argues the lay opinion was based on either inadmissible hearsay evidence or other information not before the jury.

Because defendant did not object to the detective's testimony during trial, we review the record for plain error. State v. Ross, 229 N.J. 389, 407 (2017). Our inquiry is to determine whether the alleged error was "clearly capable of producing an unjust result . . . ." R. 2:10-2. Under this standard, reversal is required if there was an error "sufficient to raise a reasonable doubt as to whether [it] led the jury to a result it otherwise might not have reached." State v. Green, 447 N.J. Super. 317, 325 (App. Div. 2016) (quoting State v. Macon, 57 N.J. 325, 336 (1971)). "It may be fair to infer from the failure to object below that in the context of the trial the error was actually of no moment." Macon, 57 N.J. at 333.

5

After a careful review of the record in light of applicable precedents, we conclude that defendant has not established plain error. The detective's testimony was rationally based on his visual observations of men's clothing, sneakers, and boots in the bedroom and explained why the officers searched that room. He did not testify that it was his opinion that defendant was in possession of the weapon, drugs, and other items found in the bedroom. Surmising that a man occupies a bedroom in which one observes men's clothing, sneakers, and boots does not fall outside the understanding of ordinary members of the jury.

Nor do we agree with defendant's argument the detective's testimony was based on inadmissible hearsay or other evidence not before the jury. The detective was in possession of a warrant to search defendant's residence. He explained to the jury that his observations lead him to believe that the warrant should be executed in the bedroom because it appeared defendant was living there. This is a matter of "common knowledge and observation" permissible in lay opinion testimony. State v. Bealor, 187 N.J. 574, 586 (2006) (quoting State v. Johnson, 120 N.J. 263, 294 (1990)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2025-17T2